

**FILED**

06/20/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0253

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### DA 23-0253

---

ADAM PUMMILL, an individual, and ADAM
PUMMILL and KURTIS ROBERTSON as a
member of Black Gold Enterprises, LLC, members
of, and on behalf of BLACK GOLD
ENTERPRISES, LLC,

        Plaintiffs and Appellees,

    v.

JOSHUA T. PATTERSON a/k/a JOSH
PATTERSON, as an individual and d/b/a
PATTERSON ENTERPRISES, INC., also d/b/a
ROCKY MOUNTAIN EQUIPMENT, INC., p/k/a
ROCKY MOUNTAIN JCB, INC., also d/b/a
ROCKY MOUNTAIN RENTAL SPECIALISTS,
LLC, also d/b/a ROCKY MOUNTAIN
EQUIPMENT also d/b/a ROCKY MOUNTAIN
RENTAL, also d/b/a ROCKY MOUNTAIN
EQUIPMENT OF MISSOULA MONTANA,

        Defendants and Appellants,

    and

JIM GALIPEAU,

        Receiver and Appellee.

FILED

JUN 2 0 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

**O R D E R**

---

Receiver and Appellee Jim Galipeau (Galipeau) has moved to dismiss this appeal. Defendants and Appellants Joshua T. Patterson and Patterson Enterprises, Inc. (collectively Patterson), oppose Galipeau's motion.

As a preliminary matter, we have amended the caption to reflect the parties on appeal despite Patterson's assertion to the contrary. In the response to the motion to

dismiss, Patterson argues that Galipeau has no standing to seek dismissal because he is not a party to this appeal. Patterson asserts that Galipeau fails to cite any authority for the proposition that he may participate in this appeal when he is not a party litigant. However, we do not fault Galipeau for this alleged deficiency as Galipeau has fully participated as if he were a party to this litigation—not only in filing the motion that resulted in the order Patterson seeks to appeal but also appearing as Appellee in a previous appeal in this case—apparently with no previous objection from Patterson as to Galipeau's status as a party.

Although Patterson provides no authority in support of his argument that Galipeau is not a proper party to this appeal, we generally agree that receivers are normally not considered a party to a lawsuit as the receiver's role is to act as a fiduciary representing the court and all parties in interest. The court order appointing the receiver defines the receiver's authority. *Equity Trust Co. v. Cole*, 766 N.W.2d 334, 341 (Minn. Ct. App. 2009). In this case, the District Court defined the receiver's duties to include the power to bring and defend actions in the receiver's own name, as receiver. The court authorized the receiver to bring supplemental proceedings, and further provided, "The Receiver shall be entitled to payment of fees from Black Gold Enterprises, LLC's estate's funds for his service at his standard rate of $225.00 per hour, plus such other amounts as may be awarded by the Court after a hearing upon notice to the parties and all counsel of record."

It is from a District Court order directing the payment of Galipeau's fees submitted under the authority granted to Galipeau in the Order Appointing Receiver from which Patterson now seeks relief on appeal. Galipeau had the express authority to request such fees and the concomitant authority to defend his request on appeal; to hold otherwise would be to deny Galipeau due process.

As for the substance of Galipeau's motion to dismiss, he argues that the District Court's May 2, 2023 Order Granting Receiver's Motion for Summary Judgment Regarding Fixture Filing and Denying Defendant's Motion to Alter or Amend the Court's March 8, 2023 Order and Stay Dispersal of Funds is not properly before this Court. He maintains no justiciable controversy exists because the court's order was interlocutory. Galipeau

2

admits M. R. App. P. 6(3)(g) provides that an aggrieved party may appeal from an order giving directions with respect to a receivership, but he claims the order does not direct the Receiver to do anything, but merely authorizes the payment of attorney and other professional fees to the Receiver.

Patterson disagrees, arguing that Rule 6(3)(g) applies to any "order . . . giving directions with respect to a receivership," not only those orders that explicitly direct a receiver to act. Here, the District Court's order provides for the immediate payment of nearly $250,000 from the approximately $313,000 that Patterson has on deposit with the court. Patterson argues the court's order that the Clerk transfer these funds to Galipeau constitutes "directions with respect to a receivership."

We agree with Patterson. In this instance, the order Patterson seeks to appeal gives directions with respect to a receivership and it is therefore immediately appealable under M. R. App. P. 6(3)(g).

Although Galipeau argues that such an interpretation would fail to preserve judicial economy by making every order issued in a receivership proceeding to be immediately appealable, his interpretation of the Rule is incorrect. First, the Rule is not so broad, but applies only to orders that give directions with respect to the receivership. Second, M. R. App. P. 6(3) provides that certain orders are appealable only if the order at issue is the court's final decision on the referenced matter. Thus, our interpretation does not mean that every order is appealable under Rule 6(3) if the case involves a receivership. Appealability remains constrained only to such orders as meet the Rule's requirements.

IT IS THEREFORE ORDERED that the motion to dismiss is DENIED.

IT IS FURTHER ORDERED that Appellant shall prepare, file, and serve its Opening Brief on this appeal no later than 30 days from the date of this Order.

The Clerk is directed to provide a copy of this Order to all counsel of record.

Dated this 20 day of June, 2023.

_____
Chief Justice

3

_____

_____

_____

_____
Justices